# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RONALD L. LANE and VANESSA R. LANE,**

    **Plaintiffs,**

**v.**                  **Case No:   6:14-cv-374-Orl-18GJK**

**NATIONSTAR MORTGAGE, LLC,
FEDERAL HOME LOAN MORTGAGE
ASSOCIATION and BANK OF
AMERICA, N.A.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

   This cause came on for consideration without oral argument on the following motions filed

herein:

|  |  |
|---|---|
| **MOTION:** | **BANK OF AMERICA, N.A.'S MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 26)** |
| **FILED:** | **June 25, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS', NATIONSTAR MORTGAGE LLC AND FEDERAL HOME LOAN MORTGAGE CORPORATION, MOTION FOR ATTORNEYS' FEES, PURSUANT TO THIS COURT'S ORDER DATED JUNE 11, 2014 (Doc. No. 28)** |
| **FILED:** | **July 2, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

Plaintiffs initiated this action in state court seeking to quiet title to certain real property located at 1398 Stanfield Cove in Heathrow, Florida.   Doc. Nos. 1-2.   Plaintiffs previously asserted substantially similarly claims before this Court in Case Nos. 6:13-cv-85-Orl-18DAB and 6:13-cv-259-Orl-36TBS.   The first case was dismissed for failure to state a claim, which was later affirmed by the Eleventh Circuit.   *See Lane v. Guar. Bank*, No. 6:13-cv-85-Orl-18DAB, 2013 WL 1296751, at *2 (M.D. Fla. Apr. 1, 2013), *aff'd* 552 F. App'x 934 (11th Cir. 2014).   The second case resulted in the Court granting summary judgment in favor of defendants.   *See Lane v. Guar. Bank*, No. 6:13-cv-259-Orl-36TBS, 2014 WL 1088307, at *3, 5 (M.D. Fla. Mar. 20, 2014).

On March 31, 2014, the Court ordered plaintiffs to show cause why sanctions should not be imposed upon them pursuant to Rule 11, Federal Rules of Civil Procedure, for initiating and prosecuting this action.   Doc. No. 19.   On that same day, the Court entered an order dismissing the case without prejudice based upon plaintiffs' notice of voluntary dismissal.   Doc. No. 20.   Plaintiffs failed to file a timely response to the order to show cause.   *See* Doc. No. 21 at 1.   On June 11, 2014, the Court entered an order finding that the plaintiffs filed this action seeking relief "on legal theories that had no reasonable chance of success."   Doc. No. 21 at 4.   Thus, the Court

found that Rule 11 sanctions are appropriate and the Court ordered plaintiffs to pay defendants' reasonable attorneys' fees and costs pursuant to Rule 11 and the Court's inherent authority.   Doc. No. 21 at 5.

On June 25, 2014, defendant Bank of America, N.A. ("BOA") filed a Motion for Attorneys' Fees and Costs ("BOA's Motion"), seeking to quantify its reasonable attorneys' fees and costs, and requesting an award of $5,541.50 in attorneys' fees and $23.09 in costs.   Doc. No. 26 at 2.   Thus, BOA requests that the Court award it a total of $5,564.59 in attorneys' fees and costs.   Doc. No. 26 at 3.   The chart below reflects the hourly rates for the individual attorneys who performed work in this case for BOA and the total number of hours worked by each individual attorney:

| Attorney | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Ariel Acevedo, Esq. | 2.8 | $280.00 | $784.00 |
| Catherine Lapides, Esq. | 17.3 | $275.00 | $4,757.50 |
| **TOTAL** | 24.9 | | **$5,541.50** |

Doc. No. 27 at 2.   BOA provided an affidavit and detailed time sheet in support of its request for attorneys' fees and costs.   Doc. Nos. 27, 27-1.

On July 2, 2014, defendants Nationstar Mortgage LLC and Federal Home Loan Mortgage Corporation (collectively, the "Nationstar Defendants") filed a Motion for Attorneys' Fees Pursuant to This Court's Order Dated June 11, 2014 (the "Nationstar Defendants' Motion"), seeking to quantify their reasonable attorneys' fees and costs, and requesting an award of $5,770.50 in attorneys' fees and $913.39 in costs.   Doc. No. 28 at 4.   Thus, the Nationstar Defendants request that the Court award them a total of $6,683.89 in attorneys' fees and costs.   Doc. No. 28 at 4.   The chart below reflects the hourly rates for the individual attorneys who

performed work in this case for the Nationstar Defendants and the total number of hours worked by each individual attorney:

| Attorney | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Anthony Rollo, Esq. | .7 | $375.00 | $262.50 |
| Mark New, Esq. | .6 | $330.00 | $198.00 |
| R. Carter Burgess, Esq. | 23.6 | $225.00 | $5,310.00 |
| **TOTAL** | 24.9 | | **$5,770.50** |

Doc. No. 28 at 3, 7.   The Nationstar Defendants provided an affidavit and detailed time sheet in support of their request for attorneys' fees and costs.   Doc. No. 28 at 6-7, 10-26.

On July 10, 2014, plaintiffs filed a response.   Doc. No. 29.   In it, plaintiffs do not raise any objection to the amount of attorneys' fees and costs requested by defendants, the hourly rates requested by their respective counsel, or the hours claimed.   Doc. No. 29 at 1-7.   Rather, plaintiffs attempt to re-argue the underlying issue of whether sanctions are warranted, and plaintiffs request that the Court permit them to continue "this action on [the] merits."   Doc. No. 29 at 1-6.[1]   The only issue before the undersigned is the quantification of the award of attorneys' fees and costs contained in the Court's July 11, 2014 order.   Doc. No. 21.   Plaintiffs have failed to raise any objection to the quantification of fees and costs claimed in BOA's Motion and the Nationstar Defendants' Motion.   Doc. No. 29.   Thus, with respect to the quantification of fees and costs to be awarded, BOA's Motion and the Nationstar Defendants' Motion are unopposed.   *See also generally, Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (party opposing fee application has should submit objections and proof that are specific and reasonably

---

[1] Considering that plaintiffs requested dismissal of this action (Doc. No. 18) and the case was dismissed based upon their request (Doc. No. 20), the undersigned finds plaintiffs' request to continue this action on the merits nonsensical.

precise); *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997) (failure to explain with specificity objections to time entries is generally fatal).

II.   **ANALYSIS.**

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach.   "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.   *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended.   *Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782**.**

A.   **Reasonable Hourly Rates.**

1.   **BOA's Motion.**

BOA requests the Court award hourly rates of $280.00 and $275.00 for the attorneys who worked on this case.   Doc. No. 26 at 2; *see also* supra p. 3.   As set forth above, BOA's Motion is unopposed.   *See* supra p. 4.   Moreover, in the affidavit filed in support of its motion, BOA avers that it paid its counsel more than the amount actually requested in BOA's Motion.   Doc. No. 27 at ¶ 8.   The hourly rate that a client actually pays its attorney "is powerful, and perhaps the best . . . evidence of the prevailing market rate for the attorney's services because 'that is most likely to be what [the attorney] is paid as determined by supply and demand.'"   *Merrit v. Lake Jovita Homeowner's Association, Inc.*, Case No.8:08-cv-98-T-27EAJ, 2010 WL 627531, at *2 (M.D. Fla. Feb, 23, 2010) (quoting *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)).

Finally, as an expert in the prevailing local market, the undersigned finds that the hourly rates requested by BOA are reasonable.   Accordingly, it is **RECOMMENDED** that the Court approve the hourly rates requested in BOA's Motion (Doc. No. 26 at 2).

### 2.  The Nationstar Defendants' Motion.

The Nationstar Defendants request the Court award hourly rates of $375.00, $330.00, and $225.00 per hour.   Doc. No. 28 at 3; *see also* supra at p. 4.   The vast majority of the work performed by counsel for the Nationstar Defendants was done at the $225.00 hourly rate.   *Id.* The motion is unopposed and the Court finds that the hourly rates are reasonable in this market. Accordingly, it is **RECOMMENDED** that the Court approve the hourly rates requested in the Nationstar Defendants' Motion (Doc. No. 28 at 2).

### B.  Reasonable Hours.

When submitting the hours reasonably expended, the moving party must exercise "billing judgment."   *Hensley*, 461 U.S. at 434.   This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary."   *Id.*   The court will excise redundant, excessive or unnecessary hours when a party fails to.   *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).   In proving reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity."   *Norman*, 836 F.2d at 1303.   A party opposing a fee application should also submit objections and proof that are "specific and reasonably precise" concerning those hours that should be excluded.   *Barnes*, 168 F.3d at 428.   A fee opponent's failure to explain with specificity the particular hours he views as unnecessary or duplicative is generally fatal.   *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

As set forth above, the motions are unopposed.  Nevertheless, the undersigned has carefully reviewed BOA and the Nationstar Defendants' detailed time sheets and finds that the hours expended are reasonable.  *See* Doc. Nos. 27-1 at 2-10 (BOA); 28 at 10-26 (the Nationstar Defendants).  Accordingly, it is **RECOMMENDED** that the Court approve the number of hours requested by BOA and the Nationstar Defendants.

### C. Costs.

BOA requests costs in the amount of $23.09 related to serving documents by FedEx on Plaintiffs.  Doc. Nos. 26 at 2; 27-2 at 2.  The Nationstar Defendants request costs in the amount of $913.39, representing $400.00 for the filing fee for removing the case to federal court and $513.39 for copies of the state court record.  Doc. Nos. 28 at 3, 14, 16.[2]  Pursuant to 28 U.S.C. §§ 1920(1), (4), the costs requested by BOA and the Nationstar Defendants are reasonably recoverable.  *See also Calderon v. Merchant and Southern Bank*, No. 5:13-cv-85-Oc-22PRL, 2013 WL 5798565, at *10 (M.D. Fla. Oct. 28, 2013) (finding that costs for copying state court file are recoverable under Section 1920).  Accordingly, it is **RECOMMENDED** that the Court award the costs requested by BOA ($23.09) and the Nationstar Defendants ($913.39).

### III. <u>CONCLUSION</u>.

Based on the forgoing, it is recommended that the Court:

1. **GRANT** BOA's Motion (Doc. No. 26) as follows:

    a. Award BOA a total of 5,564.59, representing $5,541.50 in attorneys' fees and $23.09 in costs; and

---

[2] While one of the Nationstar Defendants' invoices reflect that they incurred only $350.00 in filing fees (*see* Doc. No. 28 at 14), another invoice shows that they actually expended $400.00 for the filing fee (*see* Doc. No. 28 at 16). Moreover, a review of the Court's docket confirms that the Nationstar Defendants paid $400.00 for the filing fee.  *See* Doc. No. 1.

    b.   Direct the Clerk to enter judgment, jointly and severally, in favor of BOA and against plaintiffs in the above-stated amount;

2.  **GRANT** the Nationstar Defendants' Motion (Doc. No. 28) as follows:

    a.   Award the Nationstar Defendants a total of $6,683.89, representing $5,770.50 in attorneys' fees and $913.39 in costs; and

    b.   Direct the Clerk to enter judgment, jointly and severally, in favor of the Nationstar Defendants and against plaintiffs in the above-stated amount.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 30, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy